FILED

2011 APR 29 PM 3:20

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF INDIANA

Justin D. Reed )
         Plaintiff, )
v. )
) Case No. 11 C V 153
Dr. Richard J. Rodarte, M.D. )
    an individual, )
)
Hammond Clinic )
    an Indiana business entity, )
)
Norfolk Southern Railroad, )
    a corporation )
         Defendants )

## COMPLAINT

Comes Now, Plaintiff Justin Reed and for his causes of action against Defendants Dr. Richard J. Rodarte M.D., Hammond Clinic and Norfolk Southern Railroad, states:

### Nature of Action

1. This is an action by Plaintiff Reed under the HIPPA, 42 U.S.C. § 1320 et seq, and Indiana state common law and statutory privacy doctrines and requirements, as well as Indian defamation doctrines. Plaintiff was compelled to go under the care and control of Defendants in connection with a work injury situation April 29, 2009.

### Jurisdiction of the Court

2. Jurisdiction is proper over the HIPPA claim pursuant to 28 U.S.C. § 1331, 1332.

The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. All claims of Plaintiff against these Defendants are joined in one action.

3. Defendants all do business and have facilities in Northern Indiana.

### Parties

4. At all times material hereto, Plaintiff Reed is a Michigan resident, seen and diagnosed in Munster, Indiana.

5. Defendant Rodarte is a physician in occupational medicine, practicing in Munster, Indiana.

6. Defendant Hammond Clinic is a business entity organized in Indiana, and doing business in Indiana both in Hammond & Munster, IN. On information on belief, Defendants Clinic and Rodarte had a corporate medical practice arrangement with Defendant Norfolk Southern Railroad.

7. Defendant Norfolk Southern Railroad is a common carrier, employer of Reed at the time, and its Medical Department headed by a physician, controls and directs a network of local clinics and physicians in connections with physicals, injuries and other matters. It's headquarters is in Norfolk, Virginia.

### Claims and Facts

8. Reed sustained an apparent work injury April 29, 2009 working as a track man for the railroad in south Chicago, the railroad initially refused to take him to a hospital or clinic, and delayed several hours Reed's requests.

9. At some point, the railroad passed many hospitals and clinics, taking Reed to the Hammond Clinic in Munster, Indiana.

10. Reed was seen by Dr. Rodarte, Reed did not sign any medical release for any of his information, and no signed medical release was ever obtained by the doctor or Clinic. The clinic wanted to bring company officers into the examining room, but Reed requested and finally insisted that the officers be excluded from the examining room.

11. Dr. Rodarte diagnosed a sexually transmitted disease as the cause of Reed's abdominal and groin pain, and specifically stated it was not related to work activity. The diagnosis was not medically indicated, and lacked any substantial medical foundation in tests or other means.

12. The doctor conveyed that information verbally to the railroad officials who accompanied Reed to the clinic, and put it in a medical record given to the officials.

13. On that basis Reed could not file an injury report, and in any event was coerced by Defendant to "sign off" on the incident at work, stating it was not work related.

14. The diagnosis of an STD was communicated by railroad officials to other officials and hourly workers, and the diagnosis became commonly known among workers in the work area affected. Reed's father, also a track worker, was so informed, and jokes, with nicknames, circulated widely. Reed's father was distressed by the gossip as to his son.

Reed was himself distressed.

15. The diagnosis of STD was thoroughly disproved by physicians in Michigan, who found the symptoms to be somewhat idiopathic, but tentatively thought it might be work related strain on abdominal and groin structures from heavy lifting and other very heavy work, which claimant was doing at the time of symptom onset.

16. Those physicians felt the initial diagnosis and determinations were unfounded and inappropriate.

17. The initial incorrect diagnosis coupled with interference and other acts by the railroad set in motion a chain of events which led to a great deal of harm to Reed, including dismissal.

### Claims

18. Reed claims these facts set forth cause of action under and violations of the Defendants' duties under HIPAA, under Indiana state common law privacy doctrines, under Indiana medical practices regulations including ethics and occupational medicine conflict of interest policies, as well as Indiana corporate practice of medicine regulations. Reed further alleges these acts are similar to a pattern of such actions in Indiana and other states by defendant railroad and other medical providers similarly associated with the railroad. Reed further states the disclosures constitute defamation.

19. On this basis, Reed requests for these damages all compensation and other relief, including declaratory relief, allowable at law and equity, for the harms inflicted upon

him, as well as costs, attorney fees and any other relief, in an amount greater than $100,000.

20. Plaintiff Reed demands trial by jury.

21. Plaintiff represents the filing is done for his protection and that appropriate counsel admitted Indiana will promptly be associated into the case, on his behalf.

Dated: April 29, 2011

                JUSTIN REED

                Plaintiff

                /s/ Charles A. Collins
                *Charles A. Collins* MN #0017954
                Charles A. Collins, P.A.
                Labor and Professional Centre
                411 Main Street, Suite 410
                Saint Paul, MN  55102
                Phn 651.225.1125
                Fax 651.225.1153
                chas@qwestoffice.net